## Glens Falls National Bank and Trust Company v. Cunningham

492

*H. Robert Hampson*, for plaintiff.

*W. Scott Calderwood*, for defendant.

FLICK, P. J., February 2, 1967.—The issue before the court is raised by defendant's preliminary objections to plaintiffs' complaint in assumpsit.

The complaint identifies plaintiffs as coexecutors of the estate of Harry S. Taylor, the individual plaintiff, Margaret S. Taylor, residing at 30 Garrison Road, and the corporate plaintiff, Glens Falls National Bank and Trust Company, having its principal place of business at 250 Glen Street, both in Glens Falls, Warren County, State of New York. Defendant, Norman E. Cunningham, is identified as an individual residing in Warren Borough, Warren County, Pa.

Plaintiffs' cause of action is stated in the complaint as follows:

"4. Plaintiffs obtained a judgment against defendant in the Supreme Court of Warren County, New York, in the amount of Six thousand six hundred sixty-six and 66/100 ($6,666.66), said judgment having been entered on October 22, 1964 as appears in Index Number J 728.

"5. Plaintiffs have demanded payment of said judgment, but their demands have been refused.

"6. Plaintiffs have received no payments from Norman E. Cunningham pursuant to said judgment.

"WHEREFORE, plaintiffs demand judgment against defendant in the amount of Six thousand six hundred sixty-six and 66/100 ($6,666.66) Dollars together with interest and costs of suit".

Defendant's preliminary objections pray for dismissal of the complaint "because of the absence of jurisdiction of the court over the person of the defendant or the subject matter of the action" for the following reasons:

(a) The judgment attained in the State of New York does not show that personal service of the notice of process by which the suit was commenced upon which said judgment was obtained was made in the State of New York.

(b) Action was commenced in the State of New York and service of the notice of process by which the original action was commenced was made on defendant in the State of Pennsylvania.

The matter was argued before the court, and a request was made for briefs and for certain facts in regard to the judgment referred to in paragraph no. 4 of the complaint, the judgment obtained by plaintiffs against defendant in the Supreme Court of Warren County, New York, on which this assumpsit action is based. At this point, the court should have been aware of the fact that there were not sufficient facts in the pleadings to decide the issue raised; however, counsel for plaintiffs filed a comprehensive memorandum of law with the facts requested. No brief has been filed on behalf of defendant, but a decision of the matter has been long delayed, and the issue will now be determined.

Defendant's argument in support of his preliminary objections is as follows: The New York judgment, for the collection of which this suit is brought, is void for lack of jurisdiction. In the action in which the judgment was entered, defendant was not served within the State of New York, but personal service was made on him in his home county of Warren, Pa., by the sheriff of said county. Said service may be good under a so-called "long-arm" statute of New York

State, but Pennsylvania has no such law. Jurisdiction over the person of a defendant in an assumpsit action brought in Pennsylvania could not be acquired by personal service in New York State. Fair and lawful procedure is at the heart of due process, and procedural statutes have to be strictly construed. The procedure followed in the New York action against defendant is not only contrary to Pennsylvania procedural law, but is against Pennsylvania public policy and, therefore, constitutional comity does not require this court to give full faith and credit to the long-arm law of New York, or the judgment in a suit in which service on defendant was made pursuant to such law. The Pennsylvania law is reflected in the Act of April 14, 1851, P. L. 610, sec. 10, 12 PS §932, as follows: "If the record of a judgment of another State does not show that personal service of the notice or process by which the suit was commenced upon which said judgment was obtained, was made in such foreign State, it shall be sufficient to maintain a plea to the jurisdiction of the court in which said judgment was rendered".

In reply, plaintiffs' counsel argued that the New York long-arm statute, and similar laws in Illinois and California, had been held constitutional as meeting the requirements of due process; that the New York judgment was obtained in a suit in which jurisdiction of the person of defendant was obtained pursuant to that law; and that the judgment is valid. Defendant had his opportunity to defend the action against him in New York State and cannot here collaterally attack the judgment entered against him in that action. The brief filed by plaintiffs' counsel thoroughly develops this argument, citing many cases.

However, no Pennsylvania case was cited, and the court felt it necessary to make an independent research of law. This produced an unexpected result. Pennsylvania Rule of Civil Procedure 1017(b)(1)

permits a preliminary objection in the nature of a "petition raising a question of jurisdiction". It has been held many times that this preliminary objection is intended to replace the practice under the Act of March 5, 1925, P. L. 23, 12 PS §672, under which a party, by petition, could raise "the question of jurisdiction over the defendant or of the cause of action for which suit is brought. . . ." The decisions under the act of 1925 are, therefore, authority under rule 1017(b) (1). In discussing this rule in 2 Anderson Pa. Civ. Prac. §1017-19, the following is stated: "The preliminary objection may therefore be used to raise the objection of . . . lack of jurisdiction of the court over the subject matter". Such jurisdiction is the power of the court to hear and determine the class of cases to which the particular case belongs.

The jurisdiction which can be questioned by preliminary objection is the jurisdiction of the court in which the action is pending. It does not include the question of the jurisdiction of a foreign court, which rendered the judgment which was sued upon or pleaded as a defense in the pending action. The absence of jurisdiction in a foreign court is to be raised as a defense which avoids the foreign judgment. It must, therefore, be pleaded as a defense in a responsive pleading, and cannot be raised by preliminary objections. Rule 1030 is cited, the rule which provides that all affirmative defenses shall be pleaded in the responsive pleading under the heading "New Matter". In Anderson's discussion of rule 1030, 2A Anderson §1030.4, the following is stated: "Rule 1030 gives the pleader the option of setting forth in the responsive pleading under the heading of 'New Matter' any other material facts which are not merely denials of the averments of the preceding pleading. Ordinarily, such other material facts will in themselves amount to an affirmative defense and a pleader will

then be required to set forth such facts under 'New Matter' . . .

"Other material facts which may be pleaded under Rule 1030 include such defenses as . . . the invalidity of a foreign judgment . . ."

Thus it is clear that rule 1017(b) (1) means that preliminary objections must be used to challenge jurisdiction over the person in the action in which such objections are filed, and not jurisdiction in some other action, although the case at bar may be based on a judgment obtained in some other action. Also, jurisdiction over the subject matter may be challenged by preliminary objections, but such must challenge the court's power to hear the dispute, not the power of the foreign court. See also 5 Standard Pa. Prac. 206.

By virtue of the foregoing, it is clear that defendant's preliminary objections must be dismissed. He may appeal from that ruling, but his appeal must be taken within 15 days. If no appeal is taken, the issue defendant sought to raise by his preliminary objections must be raised by a responsive pleading filed within 20 days, averring the facts on which he contests plaintiffs' claim. To such facts as are new matter, plaintiffs should file a reply. By such pleadings, all the facts necessary to support the arguments made by counsel will be in the record and properly before the court.

For the reasons stated in the foregoing opinion, the court makes the following order:

ORDER

And now, February 2, 1967, for the reasons stated in the foregoing opinion, and pursuant to the authorities there cited, it is hereby ordered that the preliminary objections to the complaint which were filed by defendant in this action are dismissed, and defendant is ordered to file a responsive pleading to the complaint within 20 days.